# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| FRANK RANDOLPH REDD | : |
| Plaintiff, | : |
| v. | : CASE NO. 4:11-CV-46-CDL-MSH |
| | : 42 U.S.C. § 1983 |
| JOHNNY GOSHEA, | : |
| Defendant. | : |

## ORDER GRANTING *IN FORMA PAUPERIS* MOTION AND RECOMMENDATION OF DISMISSAL

Plaintiff Redd, presently an inmate at Muscogee County Prison in Columbus, Georgia, filed the instant action pursuant to 42 U.S.C. § 1983. His Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A. Additionally, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is presently pending before the Court. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is granted. However, the Court recommends dismissal of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## BACKGROUND

Plaintiff brings this action claiming that on April 22, 2011, an unspecified officer used offensive, threatening, and abusive language against him. (Compl. 4.) Plaintiff also claims that this threatening language amounts to racial discrimination. Plaintiff does not specifically allege that his constitutional rights have been violated, but does allege that he

was in fear for his life because of the verbal threats made by the unspecified officer. (Compl. 4.)

## DISCUSSION

I.   **Plaintiff's Motion to Proceed IFP**

Along with his Complaint, Plaintiff filed a motion for leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Plaintiff must pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of Plaintiff's prison account until the $350.00 filing fee is paid in full, provided the amount in the account exceeds $10.00.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"). As codified at 28 U.S.C. § 1915A, the PLRA provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief.

Additionally, the Court must review Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) which similarly requires the Court to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. "The standards governing dismissal under Rule 12(b)(6) apply to § 1915(e)(2)(b)(ii)." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show [that] the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

B.  Plaintiff's Complaint Should be Dismissed

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).

Plaintiff's Complaint should be dismissed because he has failed to allege a constitutional deprivation, the first element of a claim for relief pursuant to 42 U.S.C. § 1983. Plaintiff's only complaint is that an unspecified officer at the Muscogee County Prison threatened him and used offensive and abusive language towards him. However, "verbal abuse alone is insufficient to state a constitutional claim." *Hernandez v. Fla. Dep't of Corr.*, 281 F. App'x 862, 866 (11th Cir. 2008); *see also Edwards v. Gilbert,* 867 F.2d 1271, 1274 n. 1 (11th Cir.1989) ("In addition, we note that a petitioner must allege more than that he has been subjected to verbal taunts . . . [h]owever distressing in order to make a claim that jailers have violated their duty of protection or deprived the petitioner of his constitutional rights.") (internal quotation marks and citation omitted).

4

Consequently, Plaintiff has failed to state a claim upon which relief may be granted, and his Complaint should be dismissed.

## CONCLUSION

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* is GRANTED. Furthermore, IT IS HEREBY RECOMMENDED that the current Complaint be DISMISSED under 28 U.S.C. § 1915A for Plaintiff's failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

SO ORDERED and RECOMMENDED, this 10th day of May, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE